UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY RONALD BROWN,

    *Plaintiff*,

v.

SUSAN K. WALSH,

    *Defendant*.

                                          /

CASE NO. 12-cv-10535

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(Doc. 6)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** and that the case be **DISMISSED without prejudice**.

**II.    REPORT**

    **A.    Introduction & Procedural History**

Plaintiff Timothy Ronald Brown ("Brown") is a former state prisoner who was convicted in the Circuit Court of Oakland County, Michigan, via guilty plea of one count of "computers-internet-communicating with another to commit crime" when he used "the internet to communicate with a 15year-old undercover persona for the purpose of committing MCL 750.145c(2) child sexually abusive activity, where the victim or intended victim was believed by the defendant to be a minor; contrary to MCL 750.145d(2)(f)" and one count of "computers-internet-communicating with another to commit crime" when he used "the internet to communicate with a 15 year-old undercover persona for the purpose of committing MCL 722.675 disseminating sexually explicit

matter to minors, where the victim or intended victim was believed by the defendant to be a minor, contrary to MCL 750.145d(2)(c)." (Doc. 1 at Ex. 24.) Plaintiff was originally sentenced to prison terms of 30 months to 20 years and 2 to 4 years, respectively, pursuant to a plea agreement that Brown would be sentenced at the bottom of the guideline range.

Plaintiff appealed and on September 1, 2009, the Michigan Court of Appeals denied Plaintiff's claims that the trial court erred in denying his motion to withdraw his guilty plea and his claim that defense counsel had been ineffective, but granted his appeal regarding the claim that the trial court erroneously denied a motion for resentencing based on an error in scoring offense variable ten. *See People v. Brown*, No. 283433, 2009 WL 2767305, at *2 (Mich. Ct. App. Sept. 1, 2009). Once the offense variable was properly scored at zero, Brown's sentencing guideline range was reduced to 24 to 40 months and his plea agreement contemplated Brown would be sentenced at the bottom of the guideline range. *Id.* at *3. Since 30 months was no longer at the bottom of the applicable range, the court remanded the case to the trial court to resentence Brown in accordance with the plea agreement or to allow Brown to withdraw his plea. *Id.* Brown was resentenced on September 30, 2009, to 24 months to 20 years and 24 months to 4 years, respectively, in accordance with the plea agreement and, thus, Brown was not permitted to withdraw his plea. (Doc. 1 at Exs. 23, 24.)

Attorney Susan Walsh ("Walsh"), the sole defendant in this civil action, was appointed through the Michigan Assigned Appellate Counsel System to represent Brown. (Doc. 1 at Ex. 21.) On March 26, 2010, Walsh indicated in a letter to Plaintiff that she was unable to find any issues to appeal and that her assigned appellate duties were concluded. (Doc. 1 at Ex. 5a, 14.) Walsh also included an affidavit for Brown to sign which would withdraw his appeal. (*Id.*) Another letter dated May 5, 2010, from Walsh to Brown indicated that she had given the entire file to Brown and

2

that she was awaiting his signature and return of the affidavit dismissing his appeal. (Doc. 1 at Ex. 17.) In the meantime, Brown had been submitting documents to the Michigan Court of Appeals which were rejected as defective. (Doc. 1 at Exs. 10, 18.) In addition, Brown had filed a grievance against Walsh. On August 25, 2010, the Attorney Grievance Commission found Brown's complaint was insufficient to warrant review by the commission. (Doc. 1 at Ex. 22.)

Brown filed the instant complaint against Walsh on February 8, 2012. Brown avers the following causes of action: (1) fraud, fraudulent misrepresentation; (2) legal malpractice, negligent representation; (3) kidnapping, conspiracy with state/county; (4) direct violation of right to court access; (5) equal protection of rights violations; (6) illegal search and seizures; (7) RICO; (8) larceny by conversion; (9) illegal strip searches by State; and (10) abuse of (illusory) process. (Doc. 1 at 1.) Brown cites 42 U.S.C. §§ 1981, 1983, and 1985. (Doc. 1 at 4.) Brown seeks the following relief:

1. That a Jury be assigned to his case,

2. That the Defendant be ordered to pay for damages in the amount of $2,396,900.00 to the Plaintiff,

3. That this Court order a Stay & Abeyance of any issues it deems not remediable at this juncture, until rulings in Mr. Brown's Federal Habeas Corpus action, and due to the 2 year statute of limitations on the issue of legal malpractice,

4. Any other relief this Court deems just and proper, including but not limited to, prospective injunctive or declatory [sic] relief, to put right this matter,

5. That the Jury be permitted to assess and assign exemplary damage awards,

6. That the Jury be permitted to assess and assign punitive damages awards, in accordance with Federal law, and any State of Michigan caselaw or statutes.

(Doc. 1 at 46.)

3

Plaintiff filed a petition for writ of habeas corpus in this district on March 29, 2011. *See Brown v. Michigan Dep't of Corr. - Parole Bd.,* No. 2:11-cv-11277 (E.D. Mich.) (J. Rosen). In his habeas petition, Brown raises the following grounds:

> Constitutionally Deficient Notice, Ineffective Assistance of Counsel, Brady violations, Police & Prosecutor Misconduct/perjury, Malicious Prosecution, Illusory Plea, Involuntary, unknowing plea, misrepresented evidence, Non-Existent crimes, Prosecutor misconduct, Contempt of Federal Court Order, Federal Rule Crim Proc 16 violations - state inadequacy compared, Terms of Service Agreement, Witness tampering, Evidence Tampering, equal protection violations, due rpocess violations, ACTUAL INNOCENCE, Michigan Rules of Evidence compared to Federal Rules of Evidence, Constitutional violation of no attorney at arraignment, selective/ad hoc/arbitrary discriminatory/unconstitutional prosecution, Legal definitions concerning scienter, Notary & Notarized documents disqualifications, Faslified Jurisdictions, Conviction of Non-Existent Law, Vexatious Non-Suit, VOID JUDGMENTS, Rule of Lenity, Improper Sentencing, 1st, 4th, 5th, 6th, 8th, 14th Amendment violations, Rule 7 Fed R. Crim. Proc. Violations, USCA 18 § 1515(3) Violations, No Underlying Crime equates to no computer crime, Suppressed Statutes, Trial Court Abuse of Discretion violating state and federal Constitutional Rights to Due Process by denying motion to withdraw plea after sentencing where he received ineffective assistance of counsel and therefore his plea was not knowing and intelligent and therefore involuntary, Drafter of Information ignored the law and created crimes by rewriting the law, MISCARRIAGES OF JUSTICE, Extreme prejudice, Title to a statute is NOT LAW and can not be utilized as an underlying crime.  No underlying Convictions equates to the inapplicability of computer charges and therefore no crimes committed, No Internet in 1978, Actual Victim Required, Registration unconstitutionally ordered as no statutory basis for it, Judicial legislation, Perjury via affidavit, No legal basis for convictions, attorney ignorance of essential elements necessary for conviction, attorney ignorance of the laws paritally charged, Coerced to say plea was voluntary, Trial Court did not determine that factual basis for elements of offense existed: plea colloquy insufficientto support criminal conviction in violation of Fed. Rul. Crim. Proc. Rule 11 (In first appeal, pro se litigation), NO PROBABLE CAUSE EXISTED, Rubber Stamp Magistrate, Unlawful search warrant, Search warrant served on minor son, NO ADJUDICATION ON MERITS BY APPELLATE COURTS, State non-response to points of error in appeals brief.

(Case No. 11-11277, Doc. 1 at 2.) The habeas case remains open and there have been no dispositive rulings filed as of the date of this report.

Walsh filed the instant motion to dismiss on March 28, 2012. (Doc. 6.) Brown responded on April 2, 2012. (Doc. 8.) On February 13, 2012, United States District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge. (Doc. 2.) Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B. Motion Standards

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

The elements of a civil rights claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. *See also Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant).

6

### C.  Analysis & Conclusions

I suggest that Plaintiff's complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In addition, challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck. Edwards v. Balisok*, 520 U.S. 650, 648, 117 S. Ct. 1584, 137 L. Ed.

7

2d 906 (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

Plaintiff's complaint challenges the propriety of his state conviction and sentence. (Doc. 1 at 1.) I therefore suggest that Plaintiff's complaint alleges a challenge to his former confinement which must be brought under the habeas corpus statutes and not § 1983. *Heck; Preiser.*

Plaintiff requests a "Stay & Abeyance of any issues it deems not remediable at this juncture, until rulings in Mr. Brown's Federal Habeas Corpus action, and due to the 2 year statute of limitations on the issue of legal malpractice[.]" (Doc. 1 at 46.) Motions to hold the claims in abeyance should be construed as a motion for voluntary dismissal of this civil rights suit. The Supreme Court has explained that staying a civil rights case, or holding it in abeyance, to allow a prisoner time to complete the process required to satisfy the requirements of *Heck* is "error." *Edwards*, 520 at 649 ("a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed").

Accordingly, I suggest that Plaintiff's civil rights claims be dismissed without prejudice to refiling should Plaintiff prevail in his habeas corpus proceeding.

I further suggest that, pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), this Court should decline to exercise its discretion to entertain the pendent state law claims made by Plaintiff. *See id*. at 726 (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") *See also Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996) (when all federal claims have been dismissed at a pretrial stage and the parties are non-diverse, the district court should decline to exercise supplemental jurisdiction over the surviving state law claims).

Although Plaintiff expressed concern that the limitation period on his attorney malpractice claim may have run, 28 U.S.C. § 1367(d) provides that "the period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." *See also Moore v. Coffee County, TN*, 402 Fed. App'x 107, 109 (6th Cir. 2010) ("the federal savings statute guards against [any] 'unjust' dismissals by allowing thirty additional days to refile a state claim" (citing *Jinks v. Richland Cnty.*, 538 U.S. 456, 465-66, 123 S. Ct. 1667, 155 L. Ed. 631 (2003) (holding that § 1367(d) was the result of an appropriate exercise of Congressional power and that although sovereign immunity precludes application of the savings statute to a non-consenting state party, the statute applies to non-consenting political subdivisions, such as counties))). I therefore recommend that the state law claims be dismissed without prejudice as well.

For all the reasons stated above, I recommend that Defendant's motion be granted and the case be dismissed in its entirety without prejudice.

### III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the

objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                               s/ **Charles E. Binder**
                                               CHARLES E. BINDER
Dated: August 6, 2012                      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served upon the following non-ECF participant via the United States Postal Service: Timothy Ronald Brown, 3363 Hillsdale Place, Saginaw, MI 48603.

Date: August 6, 2012                      By     s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder