UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY RONALD BROWN,

                   Plaintiff,                             Case No. 12-10535
                                                    Honorable Thomas L. Ludington

v.

SUSAN K. WALSH,

                   Defendant.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING THE COMPLAINT**

Plaintiff Timothy Brown used a computer to arrange a sexual experience with what he thought was a fifteen-year-old girl. But Plaintiff's plan backfired. What he thought was a young girl was actually an undercover law-enforcement agent.

After pleading guilty in state court to two counts of using the internet to commit sexual child abuse, Plaintiff was sentenced. A miscalculation led to a sentence of 30 months instead of 24, and Plaintiff was then re-sentenced. Defendant Susan K. Walsh was assigned specifically for the purpose of representing Plaintiff during any appeals stemming from his resentencing. Defendant, exercising her professional judgment, determined there were no meritorious appeals to be had. She informed Plaintiff as much, and took her leave.

Plaintiff remained unsatisfied. So he brought this lawsuit against Defendant, alleging ten different claims. He is asking for $2.4 million. Plaintiff's claims, however, lack merit, and his complaint will be dismissed.

**I**

Plaintiff used the internet to communicate with what he thought was a 15-year-old girl for the purpose of engaging in sexually abusive activity. He transmitted photographs of his genitals,

engaged in discussions of a sexual nature, and arranged a meeting for sex. *People v. Brown*, 283433, 2009 WL 2767305, at *1 (Mich. Ct. App. Sept. 1, 2009). In reality, he was communicating with an undercover persona, created to capture sexual predators.

Plaintiff was arrested and charged with child sexually abusive activity in violation of Mich. Comp. Laws 750.145c(2) (Count I); using the internet to violate Mich. Comp. Laws 750.145c(2) and Mich. Comp. Laws 750.145d(2)(f) (Count II); and two counts of using the internet to violate Mich. Comp. Laws 722.675 and Mich. Comp. Laws 750.145d(2)(c) (Counts III and IV). Pursuant to a plea agreement, he pled guilty to Counts II and III, and the remaining counts were dismissed. Additionally, the trial court agreed to impose a sentence "at the bottom of the guidelines." *Brown*, 2009 WL 2767305, at *1 (internal quotation marks omitted). Plaintiff was then sentenced to concurrent prison terms of 30 months to 20 years and 2 to 4 years. *Id*.

On appeal, Plaintiff argued that there was an error in the scoring of his offense, and that an incorrect Guidelines range was therefore applied. *Id*. at *2. The court agreed, and because Plaintiff's plea agreement required a sentence "at the bottom of the guidelines" range, Plaintiff's case was remanded for resentencing. *Id*. at *3. Plaintiff was then resentenced on September 30, 2009 to concurrent prison terms of 24 months to 20 years and 24 months to 4 years, respectively. Pl.'s Compl. Ex. 24. Plaintiff asked to withdraw his guilty plea during the hearing, but because he was resentenced in accordance with the original plea agreement, his request was denied. Pl.'s Compl. Exs. 23–24.

Defendant Susan K. Walsh, the sole Defendant in this civil action, was appointed through the Michigan Assigned Appellate Counsel System to represent Plaintiff concerning any appeal of his resentencing. Pl.'s Compl. Ex. 21. After two reviews of Plaintiff's file, Defendant wrote him

a letter on March 26, 2010.  She indicated that Plaintiff's advisory Guidelines range was properly scored, that there were no grounds for withdrawing his plea, and that she was "unable to find any issues for appeal of [Plaintiff's] resentencing."  Pl.'s Compl. Ex. 5(a).  Defendant also provided, for Plaintiff's signature, two copies of an affidavit dismissing only the appeal of his resentencing. *Id*.  Defendant then wished Plaintiff luck, and informed him that her duties as his attorney were at an end.  *Id*.

Plaintiff was not pleased.  He filed two complaints against Defendant with the Michigan Court of Appeals.  The first was denied on April 13, 2010, and the second was denied on May 7, 2010.  *See* Pl.'s Compl. Exs. 10, 18.  Plaintiff also filed a request for investigation with the State of Michigan Attorney Grievance Commission, but that request was denied as insufficient to warrant review.  Pl.'s Compl. Ex. 22.  On March 29, 2011, Plaintiff filed a petition for a writ of habeas corpus in the Eastern District of Michigan.  *See Brown v. Michigan Dep't of Corr. – Parole Bd.*, No. 2:11-cv-11277 (E.D. Mich.).  Finally, Plaintiff filed the instant case against Defendant on February 8, 2012, asking for monetary damages for myriad reasons.  Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to strike portions as redundant under Rule 12(f).

Defendant's motion was referred to Magistrate Judge Charles E. Binder for review.  On August 6, 2012, the magistrate judge issued a report recommending that Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and that his complaint be dismissed without prejudice.  Report & Recommendation 7, ECF No. 9.  According to *Humphrey*,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination,
or called into question by a federal court's issuance of a writ of habeas corpus.

*Humphrey*, 512 U.S. at 486–87.  Magistrate Judge Binder concludes that because Plaintiff's

habeas petition remains pending before Chief Judge Rosen of the Eastern District of Michigan,

Plaintiff cannot satisfy this burden for establishing his right to recovery.

Plaintiff objected to the magistrate judge's report, but did not outline his objections,

believing that his "Complaint suffices."  Pl.'s Obj. 1, ECF No. 10.  Plaintiff asserts that he "was

not charged with, nor convicted of, any crime,"[1] *id.* at 2, and that  "numerous civil rights

violations occurred that do not imply the invalidity of the invalid convictions."  *Id.*

## II

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement showing that the pleader is entitled to relief."  This standard does not require "detailed

factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed-

me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do."  *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state

a claim for relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 570) (internal quotation marks omitted).  A claim is plausible when the plaintiff pleads factual

content sufficient to draw the reasonable inference that the defendant is liable for the misconduct

alleged.  *Iqbal*, 556 U.S. at 678.  When determining whether a plaintiff has stated a claim upon

which relief can be granted, the court must construe the complaint in the light most favorable to

the plaintiff, and accept all factual allegations as true.  *Twombly*, 550 U.S. at 570.

---

[1] As an initial matter, Plaintiff was charged with four crimes, and he pled guilty to two of them.  *See* Pl.'s
Compl. Ex. 24.  Anything he offers to the contrary is wholly without merit.

**III**

Plaintiff's complaint alleges the following causes of action against Defendant: (1) fraudulent misrepresentation; (2) legal malpractice; (3) kidnapping; (4) direct violation of right to court access; (5) equal protection rights violations; (6) illegal searches and seizures; (7) RICO; (8) larceny by conversion; (9) illegal strip searches by State; and (10) abuse of process.  Pl.'s Compl. 1.  Although ten separate claims, Plaintiff emphasizes the following:

> [There are] 10 Causes of Action, but they all fall into the category of "Conspiracy by court-appointed attorney with the State of Michigan and Oakland County, under color of state law, to deprive her client of rights and privileges secured by the United States Constitution and laws, and Michigan laws and Constitution."

Pl.'s Compl. 2.  Plaintiff demands $2,396,900 in damages, "plus any exemplary and punitive damages the jury may award."  *Id*.

**A**

Plaintiff essentially asserts that all of his claims fall within the purview of 42 U.S.C. § 1985 — conspiracy, under color of state law, to deprive him of rights and privileges to which he is entitled.  Under the relevant provision of § 1985, it is unlawful for any individual to conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  § 1985(3).  Further,

> if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

*Id*.  In order to state a claim under § 1985(3), Plaintiff must allege two necessary elements: "(1) the existence of a conspiracy, and (2) some 'class-based discriminatory animus behind the

conspirators' action.' "  *Dunn v. State of Tenn.*, 697 F.2d 121, 124 (6th Cir. 1982) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

As in *Dunn*, Plaintiff here "is a white male, and his complaint contains no allegations that he was deprived of equal protection or equal privileges and immunities because of discrimination based upon a constitutionally protected classification nor that a conspiracy existed." *Dunn*, 697 F.2d at 124 (emphasis removed).  Like *Dunn*, Plaintiff's conspiracy claims are therefore properly dismissed — he has not pled a claim for relief under § 1985.

However, his is a pro se complaint and is to be construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Although Plaintiff believes his claims against Defendant all involve conspiracy to interfere with civil rights in violation of § 1985, not all do.  Accordingly, not all of Plaintiff's allegations will be cast as § 1985 conspiracy claims and dismissed at this point.

But three of Plaintiff's claims are properly considered conspiracy claims under§ 1985, and those will be dismissed.  In Count V, Plaintiff alleges equal protection violations, alleging that Defendant, "under color or guise of state law," caused due process to be "repeatedly denied . . . both procedural and substantive, by singling [Plaintiff] out for prosecution." *Id*. at 31.  He goes on to say that Defendant "approve[d] and enter[ed] into [a] conspiracy with the State of Michigan, and the County of Oakland, with the ultra vires acts committed against her client." *Id*. at 35.  But Plaintiff does not allege any discrimination based upon a constitutionally protected classification.  *See Dunn*, 697 F.2d at 124.  Count V will be dismissed.

In Count VI, Plaintiff argues Defendant is responsible for illegal searches and seizures that occurred in "[v]iolation of US Const Am 4, 14," *id*. at 37, because she "conspire[d] with the

attorney generals who invaded her client's home and unconstitutionally seized non-evidence." *Id*. at 38.  Again, no allegations of discrimination.  Again, the count is properly dismissed.

Plaintiff's final claim, Count X, is that the prosecution "fabricate[d] via cut & paste & grafting of statutory slices, a number of non-existent crimes," and that Defendant "conspire[d] with these state entities/officials to deprive [Plaintiff] of federal rights and privileges secured by the US Constitution and laws."  Pl.'s Compl. 44.  As with his other claims, Plaintiff does not offer even conclusory allegations of discrimination based upon a constitutionally protected class. He has not pled a claim for which relief can be granted, and Count X will be dismissed as well.

**B**

Two of Plaintiff's claims are for constitutional deprivations "under the color of state law," that do not involve a claim of conspiracy.  He alleges in Count IV that Defendant violated his right to access the courts in "direct violation of US Const Am 6, incorporated to the states through US Const Am 14."  Pl.'s Compl. 30.   Further, in Count IX, Plaintiff claims that Defendant is liable for over 50 "illegal strip searches" that occurred during his time with MDOC.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  The plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the

- 7 -

Constitution." *Iqbal*, 556 U.S. at 676. The Supreme Court has indicated there must be some "affirmative link" between the specific injury suffered and the conduct of a particular defendant. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

The two claims Plaintiff brings under § 1983 both implicate the validity of Plaintiff's sentence, and are both therefore barred by the *Humphrey* doctrine.

As noted earlier, *Humphrey* provides, "to recover . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been . . . called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. In this case, Plaintiff cannot satisfy this requirement because his petition for writ of habeas corpus remains pending.

Count IV maintains that Defendant "was required to defend, to her best ability, her client." Pl.'s Compl. 30. According to Plaintiff, Defendant instead "abandoned and deserted [Plaintiff] [at] the time she was ethically required to submit his appeals documents." *Id*. Much like a claim for ineffective assistance of counsel, if Plaintiff were successful on this claim, it would render his conviction invalid. Accordingly, he must show the sentence is questionable before money damages may accrue. This he cannot do, and Count IV will be dismissed.

Plaintiff's claim that Defendant is liable for over 50 "illegal strip searches" likewise fails. Plaintiff offers no support for how Defendant caused illegal strip searches to take place, or why any searches that occurred during his time with MDOC were illegal. The obvious inference from Plaintiff's one-page recitation regarding Count IX is that any searches were illegal because he was imprisoned unconstitutionally. Because such an inference necessarily requires that Plaintiff's confinement was unlawful, he cannot prevail unless and until his confinement is

"called into question by a federal court's issuance of a writ of habeas corpus." *Humphrey*, 512 U.S. at 487.  Count IX is likewise barred by *Humphrey*, and will be dismissed.

### C

Plaintiff also alleges kidnapping claims against Defendant (Count III) pursuant to both federal and state law (18 U.S.C. § 1201 and Mich. Comp. Laws 750.349).  But the statutes do not confer an express private right of action, and kidnapping statutes have been interpreted as providing no implied private right of action.  *See Ali v. Przbyl*, 04-CV-0459E(F), 2004 WL 1682774, at *3 n.1 (W.D.N.Y. July 26, 2004) (establishing that 18 U.S.C. § 1201 does not provide a private right of action and that private individuals have no constitutional right nor standing to file criminal charges against another individual).  Accordingly, Plaintiff's claim that he was kidnapped by Defendant is without merit and will be dismissed.

### D

Plaintiff's final claim under federal law is Count VII, where he alleges that Defendant "has joined with an ongoing, illegal, state-sponsored and county sponsored enterprise" in violation of the RICO statutes.  Pl.'s Compl. at 40.

The Racketeer Influenced and Corrupt Organizations Act (RICO) provides a civil remedy to an individual who is injured by virtue of certain types of unlawful activity.  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).  RICO provides in relevant part:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).  Thus, to state a RICO claim, Plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Moon*, 465 F.3d at 723 (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).  This

Plaintiff has not done.  Plaintiff offers nothing to indicate that Defendant was engaged in a pattern of racketeering that led to any harm.  This claim will also be dismissed.

**E**

The remainder of Plaintiff's ten claims are brought solely under Michigan state law.  He alleges fraud under Mich. Comp. Laws 750.280, larceny by conversion under Mich. Comp. Laws 750.362, and it is well-established that legal malpractice "is a state-law tort claim." *Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.*, 409 F. Supp. 2d 788, 792 (E.D. Mich. 2005).

Because all of Plaintiff's claims giving this Court jurisdiction under federal law will be dismissed, the appropriate remedy is to dismiss Plaintiff's remaining state law claims.

"A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction."  *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)).  "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."  *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).  Because Plaintiff's federal claim has been dismissed, it is proper to dismiss Counts I, II, and VIII as opposed to exercising supplemental jurisdiction.

**IV**

Accordingly, it is **ORDERED** that the magistrate judge's report & recommendation, ECF No. 9, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections, ECF No. 10, are **OVERRULED**.

It is further **ORDERED** that Counts III, V, VI, VII, and X are **DISMISSED** with prejudice.

It is further **ORDERED** that Counts IV and IX are **DISMISSED** without prejudice pending the ruling on Plaintiff's petition for writ of habeas corpus.

It is further **ORDERED** that the Court **DECLINES** jurisdiction over Plaintiff's state law claims, and Counts I, II, and VIII are **DISMISSED** without prejudice.

Dated: January 16, 2013                                s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Timothy Ronald Brown at 3363 Hillsdale Place, Saginaw, MI 48603 by first class U.S. mail on January 16, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

- 11 -